UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
*In re:*                                                                      :
                                                                                    :    Chapter 13
Inette D Heredia,                                                     :    Case No. 18-22230
                                                                                    :
                                                          *Debtor*     :
------------------------------------------------------- x

## MEMORANDUM DECISION DISMISSING DEBTOR'S CASE

**A P P E A R A N C E S :**

*Debtor*
Michael Koplen
14 South Main Street, Suite 4
New York, NY 10956
          By: Michael Koplen

*Standing Chapter 13 Trustee*
399 Knollwood Road, Suite 102
White Plains, NY 10603
          By: Thomas Frost

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is a remand from the District Court, directing this Court for a further explanation on its reasoning in dismissing the case under § 1307. The Standing Chapter 13 Trustee (the "Trustee") filed a Motion to Amend the Confirmed Plan, or in the Alternative, Dismiss the Case under § 1307 (the "Motion"). The Trustee asserted that, upon their review of Debtor's Federal and New York State income tax returns, there was a substantial increase in income that was not disclosed to the Bankruptcy Court, and Debtor should have paid an additional disposable income of $73,542.24 under the Plan. The Trustee moved to

modify the Plan to pay the disposable income or the payment of all claims in full, or in the alternative, dismiss the case under § 1307(c), as Debtor was not forthcoming or accurate with the Court regarding the substantial and unanticipated increase in income. In Opposition, Debtor argued that there was no basis for dismissal as she complied with the requirements of the Plan, which was in its 58th month of a 60-month plan. Debtor claimed she provided the Trustee with her tax returns, and that modification was inappropriate as her expenses increased with her income. On December 7, 2022, this Court held a hearing where the Trustee stated that Debtor untimely provided her tax returns, namely the 2021 tax return that was received at the end of August 2022. This Court dismissed the case on the record.

On January 17, 2023, Debtor filed a Notice of Appeal to the United States District Court, Southern District of New York (the "District Court"). The District Court stated that this Court's decision to dismiss the case for cause may have been an appropriate exercise of discretion, but the District Court ruled that it could neither discern this Court's reasoning in the Order dismissing the case nor based on the record as it stands. The District Court vacated the Order and remanded the case back to this Court to provide an explanation for dismissal under § 1307(c).

For the reasons set forth below, the case is dismissed under § 1307(c).

## Jurisdiction

This Court has jurisdiction over this contested matter under 28 U.S.C. § 157, 28 U.S.C. § 1334 and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and one over which this Court has authority to enter a final judgment.

## Background

Inette Heredia ("Debtor") filed a Chapter 13 petition with this Court on February 7, 2018, by and through her counsel, Michael Koplen. Voluntary Pet., ECF No. 1. Debtor filed her initial Schedules I and J on February 7, 2018, which provided she was employed by Shinola Detroit, LLC, her gross monthly income was $6,270.85, and, after expenses, her disposable income was $134.24. ECF No. 1. Debtor's Amended Plan (the "Plan") was confirmed on June 25, 2018. ECF Nos. 13, 16.[1] The Plan provided for payments of $134.24 per month for 60 months to provide for a full repayment of all allowed secured and priority claims, and general unsecured claims were to receive a *pro rata* dividend of 7%. ECF No. 13. On December 5, 2022, Debtor filed Amended Schedules I and J. ECF No. 30. The Amended Schedules stated that Debtor was employed as a designer at Apparatus, LLC, her gross income of $12,714 per month, and her disposable income was $101.44. *Id*.

---

[1] Citations to dockets within the bankruptcy case will be as (ECF No. __.).

On October 17, 2022, the Trustee filed a Motion to Dismiss the Case for Cause under § 1307(c), or in the alternative, Amend the Plan (the "Motion"), as Debtor's income substantially increased, and she was not forthcoming or accurate with the Court in the increased income. ECF No. 28.

The Trustee stated they were provided copies of Debtor's 2018 through 2021 Federal and New York State income tax returns, and the Trustee alleges that there was a substantial increase in Debtor's income that was not previously disclosed, namely the 2021 tax return that was untimely provided to the Trustee in August 2022. ECF No. 28, ¶ 10; Trial Tr. 4:16-17.[2] Debtor's tax returns illustrated a substantial increase in income from $76,700 in 2018 to $155,520 in 2021. *Id*. The Trustee calculated Debtor's monthly disposable income for 2021 as $6,128.52,[3] for a total of $73,542.24 in annual disposable income that should have been paid to the Trustee for year 2021. ECF No. 28, ¶¶ 11-13. The Trustee moved for an upward modification of the Plan under § 1329 from Debtor's unanticipated substantial increase in income, as Debtor did not amend her Schedules to accurately reflect her income in 2021. *Id*. at ¶¶ 18, 20. The Trustee also moved, in the alternative, for dismissal for cause including lack of good faith as Debtor was not forthcoming or

---

[2] Citations to the Trial Transcript of the hearing held on December 7, 2022 at ECF No. 39 will be as "Trial Tr. __.".
[3] The Trustee calculated $6,128.52 as Debtor's monthly disposable income from Debtor's 2021 tax return and Debtor's original Schedule J that was filed with the petition in 2018.

accurate with the Court regarding her substantial and unanticipated increase in income. ECF No. 28, ¶¶ 21, 26.

In her opposition papers, Debtor argued that there is no basis for dismissal of the case, as she "faithfully complied with each and every requirement of her Plan," and she claims she provided the Trustee with her tax returns on an annual basis. ECF No. 29, ¶ 1. Debtor also argued in her opposition that she did not have additional disposable income in 2022 for an upward modification of her plan, as she had an increase of expenses with her increase in income during 2021, including moving to Manhattan where she incurred additional expenses as compared to 2018. *Id*. at ¶ 2. Debtor stated that there is no need to modify the Plan, as any modification would be moot since Debtor has "two or three plan payments remaining out of 60." *Id*. at ¶ 5.

On December 7, 2022, the Court held a hearing on the Motion. At the hearing, the Trustee claimed he timely received the tax returns for years 2018 through 2020, but he did not timely receive the tax return for 2021 until August 2022. Trial Tr. 4:16-17. The Trustee argued that Debtor should have been making higher plan payments from her substantial increase in income for year 2021, and her untimely submission of the 2021 tax return "put Debtor out of compliance with [her] plan [under §] 1322(a)(1)." Trial Tr. 5:14-15. Debtor does not rebut that the 2021 tax returns were not submitted until August 2022. Instead, Debtor states that

"there's only two more payments . . . on a 60-month plan, so even if the Court were to have a hearing and . . . do a forensics examination of Debtor's expenses . . ., [the Trustee's Motion to Dismiss] might be moot." The Court dismissed the case. The Order Granting Motion to Dismiss Case (the "Order") was entered on December 30, 2022.

On January 4, 2023, Debtor filed a Notice of Appeal to the United States District Court, Southern District of New York (the "District Court"). The District Court found that this Court's decision to dismiss the bankruptcy case for cause may have been an appropriate exercise of its discretion, but the District Court can neither discern this Court's reasoning behind the dismissal, nor affirm it based on the record. The District Court dismissed the appeal without prejudice, vacated the Order and remanded the case back to this Court to provide an explanation for dismissal under § 1307(c).

For the reasons set forth below, the case is dismissed under § 1307(c).

## Discussion

Section 1307 of the bankruptcy code provides that, on "request of a party in interest . . . the court may . . . dismiss a case [under chapter 13] . . . for cause . . .." 11 U.S.C. § 1307. The statute provides an enumerated list of occurrences which constitute sufficient cause, including "unreasonable delay by the debtor that is prejudicial to creditors" and "material default by the debtor with respect to a term

of a confirmed plan," but that list is not exhaustive. 11 U.S.C. 1307(c)(1), (6). The list is non-exhaustive to determine cause. *In re Lin*, 499 B.R. 430, 435 (Bankr. S.D.N.Y. 2013); *see also* 8 Collier on Bankruptcy ¶ 1307.04 (16th ed.).

Although not expressly enumerated in the statute, "it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (citing *In re Prisco*, 2012 U.S. Dist. LEXIS 136079, 2012 WL 4364311, at *4 (N.D.N.Y. 2012)); *see also Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 379 (2007). Factors that courts have considered in determining whether a debtor has failed to pursue a Chapter 13 bankruptcy in good faith are "whether the debtor was forthcoming with the court, whether the debtor accurately stated facts, debts, [income] and expenses, whether the debtor misled the court through fraudulent misrepresentation, how the debtor's actions affect creditors, and whether the debtor has abused the purpose of the bankruptcy code." *In re Lin*, 499 B.R. 430, 436 (Bankr. S.D.N.Y. 2013) (citing *In re Klevorn*, 181 B.R. 8, 11 (Bankr. N.D.N.Y. 1995)); *In re Prisco*, No. 1:11-CV-00474 (LEK), 2012 U.S. Dist. LEXIS 136079, at *11 (N.D.N.Y. Sep. 24, 2012); *In re Ajunwa*, No. 11-11363 (ALG), 2012 Bankr. LEXIS 4096, at *11 (Bankr. S.D.N.Y. Sep. 4, 2012); *Ellsworth v. Lifescape Med. Assocs., P.C.* (*In re Ellsworth*), 455 B.R. 904, 917 (9th Cir. B.A.P. 2011).

In seeking protection under the Bankruptcy Code, a debtor "has the responsibility to inform herself of her duties" under the Code. *In re Ward*, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010). When a "[d]ebtor has not complied with a number of her obligations imposed by the Bankruptcy Code, relief under § 1307(c) is appropriate." *Id.* (dismissing bankruptcy case pursuant to § 1307(c) where debtor failed to provide the Chapter 13 Trustee with required documents).

"'[Section] 1329 does not specifically incorporate § 1325(b),'" but "'there are other statutory provisions that demonstrate clear Congressional intent to require that debtors pay to their unsecured creditors over the life of their plan all their projected disposable income to be received during the applicable commitment period.'" *Worth v. Frost (In re Worth)*, No. 23-CV-3182 (CS), 2024 U.S. Dist. LEXIS 32116, at *14 (S.D.N.Y. Feb. 26, 2024) (citing *In re Self*, 2009 Bankr. LEXIS 2880, 2009 WL 2969489, at *5) Furthermore, "'[w]hen reading § 1329 together with § 1325 and § 521 [(which describes the Debtor's duties)], it is clear that Congress intended to allow case trustees to seek modifications of plans post-petition in order to address changes in disposable income.'" *Id.*

Debtor, in this case, has the responsibility to inform herself of her duties under the Bankruptcy Code. It is Debtor's duty to be forthcoming with this Court to accurately state her income and expenses in a timely manner. *See In re Lin*, 499 B.R. 430, 436 (Bankr. S.D.N.Y. 2013) (citing *In re Klevorn*, 181 B.R. 8, 11 (Bankr.

N.D.N.Y. 1995). The Amended Plan was confirmed on June 25, 2018, and Debtor did not provide any amended Schedules to the Court to show her substantial increase in income until two months prior to the conclusion of the Plan. Debtor was not forthcoming with the Court with respect to her income. Debtor's tax returns show a substantial, and unanticipated, increase in income from $76,700 in 2018 to $155,520 in 2021. ECF No. 28 ¶ 10. The Court finds that Debtor's submission of her 2021 tax returns to the Trustee at the end of August 2022 was untimely, especially considering that her submission of those tax returns were two months from the conclusion of the plan. Debtor's untimely submission is a lack of candor and a breach of her duty to be forthcoming and accurately state her income and expenses in a timely manner with this Court. Debtor does not provide any reasonable justification or response to this delay in providing the Trustee with her 2021 tax return, and the Court finds that the delay was unreasonable and prejudicial to creditors as the increase in income would have provided creditors with a higher dividend. *See* 11 U.S.C. 1307(c)(1).

Courts in this district have ruled that there is clear Congressional intent to require Debtor to pay her unsecured creditors all her projected disposable income during the life of the plan, and the Trustee may seek a modification of the plan to address changes in disposable income. *See In re Worth*, No. 23-CV-3182 (CS), 2024 U.S. Dist. LEXIS 32116, at *14. Debtor's disposable income during 2021

was $73,542.24, and that amount should have been paid to the Trustee. *Id.* The Court finds that Debtor had no intention to be forthcoming about her substantial increase in disposable income, as it was not until the Trustee filed the Motion that Debtor filed Amended Schedules I and J. Debtor's failure to be forthcoming with the Court to accurately state her income, provided that the increase in income was substantial, misled the Court about Debtor's income. *See In re Lin*, 499 B.R. at 436 (citing *In re Klevorn*, 181 B.R. at 11). Debtor's actions misled the Court, which provides cause for dismissal under § 1307(c). *Id.*

## Conclusion

The case is dismissed under § 1307(c) and for lack of good faith. The Trustee shall submit an order consistent with this opinion.



**Dated: June 25, 2024**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**